THE STATE OF CONNECTICUT *vs.* JOHN STOKES.

Third Judicial District, New Haven, June Term, 1916.

PRENTICE, C. J., THAYER, RORABACK, WHEELER and BEACH, Js.

An amendment of the charter of the city of Waterbury (14 Special Laws, p. 639) created a board of commissioners of public health and authorized it, among other things, to regulate the sale of foodstuffs in so far as the sanitary interests of the city were involved, and to

The State v. Stokes.

make such by-laws, rules and regulations as in its judgment public health might require, not inconsistent with the laws and Constitution of this State and of the United States. Pursuant to this authority the board passed a by-law or regulation which prohibited, under a penalty, the sale of milk in any store, bakery, or butcher-shop within the limits of the city, "unless such milk shall be contained and kept in bottles tightly sealed." Upon a prosecution for a violation of this regulation, it was *held:—*

1. That the regulation was within the powers conferred by the legislature and was not inconsistent, or in conflict, with the provisions of chapter 221 of the Public Acts of 1911, fixing the standard quality of milk and penalizing a sale of adulterated or skimmed milk as milk of standard quality.

2. That it was sufficient to charge the offense in the language of the regulation which created it.

3. That the regulation was adapted to its purpose of preserving the public health, and its enactment was therefore a proper exercise of the police power; and that inasmuch as it applied only to that class of dealers who kept milk for sale under circumstances which made it peculiarly liable to contamination from bacteria, it was not unjustly discriminating or otherwise objectionable to constitutional provisions.

Argued June 16th—decided July 27th, 1916.

INFORMATION for selling milk in a store in Waterbury without having it "contained in bottles tightly sealed," in violation of a rule or regulation of the board of health of the City of Waterbury, brought to and tried by the City Court of Waterbury, *Larkin, J.*, upon a demurrer to the complaint; the court overruled the demurrer, and, upon the refusal of the accused to plead over, adjudged him guilty and imposed a fine of $1 and costs, from which he appealed. *No error.*

*James M. Lynch,* for the appellant (the accused).

*Francis P. Guilfoile* and *Charles S. O'Connor,* for the appellee (the State).

THAYER, J. The defendant was convicted of a violation of a by-law or regulation of the board of com-

missioners of public health of the city of Waterbury, which prohibited under a penalty the sale of milk in any store, bakery or butcher-shop within the limits of the city, "unless such milk shall be contained and kept in bottles tightly sealed." The regulation was passed pursuant to an amendment of the city charter found in the Special Laws of 1905 (Vol. 14) p. 639, which created the board and provided, among other things, that it might within the city regulate the sale of foodstuffs so far as the sanitary interests of the community were involved, might regulate the sale of milk by licensing, for a reasonable sum, the vendors of the same, and might make such by-laws, rules and regulations as in its judgment the preservation of the public health required, not inconsistent with the laws and Constitution of this State and of the United States.

The complaint sets forth the offense in the language of the regulation. It was demurred to upon the grounds that it violates the constitutions of this State and of the United States, that the board was without power to make it, that the regulation of the sale of milk is governed by the statutes of the State, and that the facts set forth in the complaint do not constitute an offense.

Public Acts of 1911, p. 1509, Chapter 221, fixes the standard quality of milk, and penalizes the selling, as milk of standard quality, of adulterated, diluted, skimmed or partly skimmed milk, and also makes provision for the sale of skimmed and pasteurized milk if properly labeled. It provides, also, a penalty for the placing of offal, swill, kerosene, or vegetable matter, in cans, bottles and other vessels used as containers of milk. It provides that milk containing more than one million bacteria per cubic centimeter shall be considered impure milk, but provides no penalty for the sale of such impure milk. It makes no provision for the manner in which milk shall be kept and sold.

The regulation in question in this case aims to prevent milk from contamination while being kept and sold in the class of establishments mentioned in the ordinance, where it is peculiarly liable to contamination if kept in unsealed receptacles, or is poured from one container to another in the open store or shop filled with other merchandise and where customers and other visitors congregate. The regulation, therefore, in no way conflicts with the statutory provisions referred to, which are the ones upon which the defendant relies to sustain his claim that the regulation in question deals with a subject covered by the statutes. Milk is a foodstuff in universal use, and the sanitary interests of the community require that, when sold as an article of merchandise in stores, butcher-shops and bakeries, it should be so contained when there kept for sale and sold as to preserve it from contamination. A regulation adapted, as this is, to accomplish this purpose, is in the interest of the public health, and is within the powers conferred by the city charter upon the board of commissioners. We think, therefore, that the second and third grounds of demurrer were properly overruled.

The fourth ground was also properly overruled if the ordinance was valid, because the ordinance makes such a sale as is charged an offense, and the offense is charged in the language of the ordinance. The ordinance, having for its purpose the preservation of the public health and being adapted to that end, was a proper exercise of the police power and is not a violation of the Constitution of the United States or of this State. The ordinance applies to a class of dealers who keep milk for sale under circumstances making it peculiarly liable to contamination from bacteria from the fact that it is liable to be kept for a considerable period under conditions exposing it to such contamination. The language used shows that the ordinance was intended to apply to

milk kept for sale in these establishments, and not to sales by farmers or dairymen who may supply such establishments and others with milk. It does not attempt to prevent the sale of milk whether the same be standard, adulterated, or impure. It is a mere regulation of the manner in which the milk shall be contained before and at the time of the sale, for the purpose of supplying a safeguard to the public. It applies to a class of dealers whose methods of handling the commodity seemed in the judgment of the board of commissioners to require regulation in the interest of public health. Applied to such a class, the regulation is not unjustly discriminating. The demurrer was therefore properly overruled.

There is no error.

In this opinion the other judges concurred.